ELLEN F. ROSENBLUM
Attorney General
AARON D. KELLEY #210615
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
JESSICA SPOONER #105919
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: aaron.kelley@doj.state.or.us
       Jessica.Spooner@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER BURNARD,<br>MICHAEL BRITZIUS,<br>DOUGLAS STYLES,<br><br>    Plaintiffs,<br><br>    v.<br><br>OREGON STATE HOSPITAL,<br>ADAM GIBLIN, Personally,<br>DELORES MATTEUCCI, Personally,<br>PATRICK ALLEN, Personally,<br><br>    Defendants. | Case No. 6:22-cv-01982-MC<br><br>DEFENDANTS' MOTION TO DISMISS |

Page 1 -   DEFENDANTS' MOTION TO DISMISS
       AK1/rrc/749289812
                          Department of Justice
                          100 SW Market Street
                          Portland, OR 97201
                          (971) 673-1880 / Fax: (971) 673-5000

## LR 7-1(a) CERTIFICATION

Pursuant to LR 7-1(A), the parties made a good-faith effort to resolve the dispute and have been unable to do so. The parties participated in a telephone conference and exchanged email correspondence.

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Plaintiffs' Complaint because their claims are barred by eleventh amendment immunity, legislative immunity, qualified immunity, and they fail to state a claim upon which relief can be granted.

This matter arises from Oregon State Hospital (OSH) revising administrative rules related to the receipt of packages and retention of patient property. Primarily, Plaintiffs allege "Defendants have adopted and implemented written violative policies." (Dkt. 1, ¶ 1) They claim that starting on or about July 5, 2022, Defendant Giblin revised OSH policies without notice or opportunity for comment, denying all incoming mailed packages and hand-delivered items, regardless of their content. (Dkt. 1, ¶ 7) They further allege that all third-party mail-order packages from interstate companies, such as Amazon, etc., were also denied. All three Plaintiffs allege they were thereafter denied packages from outside vendors that they had been previously allowed. (Dkt. 1, ¶ 8-14) Plaintiff Styles alleged that he "ordered and received Native religious and cultural items from Prairie Edge in Rapid City, South Dakota, on February 19, 2021. All efforts to order again since July 5, 2022 have failed." *Id*.

These allegations relate to the process of revising OAR Divisions 102 and 108. OAR 309 Division 102, "Handling Patient Mail in State Institutions" now prohibits the receipt of any "unauthorized packages" into OSH. *See* OAR 309-102-0120(4). An "Unauthorized Package" is any package that is not an authorized package. *See* OAR 309-102-0110. If not available through the OSH Market, patients can request that a package be purchased through the ordering system. *See* OAR 309-102-0120(5)

Page 2 -   DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

OAR Division 108 governs the amounts of personal property that a patient can possess at OSH. OAR 309-108-0010(1) generally prescribes that "patients shall have the right to possess and use on each unit reasonable amounts of personal property and unrestricted items. Patients shall not have the right to possess or use contraband or prohibited items. . ." Additional sections of this rule relate to storing patient property, currency, and contraband, among others.

Plaintiffs' allegations appear to challenge the validity of these regulations as Plaintiffs' Request for Relief asks the Court, in part, for "[a] declaration that Defendants' policies, practices, and customs violate the Constitution" in addition to damages. (Dkt. 1, ¶ VII, B)

## MEMORANDUM OF LAW

1. **Applicable Pleading Standards**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007); internal quotations omitted).

A complaint stating "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 129 S. Ct. at 1949; *Severson v. Chase Manhattan Mortg. Co.*, 2011 WL 4443436, *1 (D. Or. Aug. 26, 2011) (quoting *Twombly*, 550 U.S. at 555). And so is a claim that merely tenders "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted). Additionally, a complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and [the requisite] plausibility of entitlement to relief" to survive a motion to dismiss. *Id*. (internal quotations omitted).

Page 3 -   DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812
                                          Department of Justice
                                          100 SW Market Street
                                          Portland, OR 97201
                                          (971) 673-1880 / Fax: (971) 673-5000

### 2. Eleventh Amendment Immunity Bars All of Plaintiffs' Claims

Plaintiffs bring causes of action against Oregon State Hospital and individual defendants under 42 U.S.C. § 1983 and state tort law.

    a. <u>The State of Oregon is immune from suit in federal court.</u>

Under the Eleventh Amendment, federal courts may not entertain a lawsuit brought by a citizen against a state, its agencies, or departments without the state's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). A state waives its sovereign immunity by expressly consenting to be sued in a particular action. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) "Although the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the [Oregon Tort Claims Act], it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, 1999 WL 1270802, at *23 (D. Or. Dec. 2, 1999), affirmed 12 Fed. Appx. 604 (9th Cir. June 25, 2001). As a matter of law, the Court should dismiss Plaintiffs' claims to the extent they are made against Oregon State Hospital, or the individual defendants in their official capacities.

    b. <u>Plaintiff's allegations against Defendants in their personal capacities are allegations against their offices.</u>

Although the Eleventh Amendment does not prohibit damages actions against officials in their personal capacities, this must be "more than a mere pleading device." *Hafer v. Melo,* 502 U.S. 21, 27 (1991). Plaintiffs attempt to sue the individual defendants in their personal capacities, but their allegations are actually against their offices, not them personally. (Dkt. 1, ¶¶ 19, 23, 27) The Eleventh Amendment "prohibits damage actions against an 'official's office' - actions that are in reality suits against the state itself, rather than its individual officials." *Stivers v. Pierce,* 71 F.3d 732, 749 (9th Cir. 1995) (citation omitted).

Plaintiffs' Complaint generally alleges that "OSH and Giblin, Matteucci and Allen" adopted "violative policies." (Dkt. 1, ¶¶ 1, 33) Plaintiffs also alleges "Giblin is the policymaker

Page 4 -    DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

for OSH policy governing security, mail and packages for patients." (Dkt. 1, ¶5). However, the OARs at issue can only be adopted through the rule making process of the Oregon Administrative Procedures Act (Oregon APA), Chapter 183 - *Administrative Procedures Act; Review of Rules*.

The authority of an agency to adopt rules under Chapter 183 may be delegated to an officer or employee. Plaintiffs appear to allege Defendants were delegated this authority when they claim, "Giblin is the policymaker" and "OSH and Giblin, Matteucci and Allen policies." (Dkt. 1 ¶¶ 1, 5) Chapter 183.325, specifically states that an "officer or employee to whom rulemaking authority is delegated under this section is an 'agency' for the purposes of the rulemaking requirements of this chapter." ORS 183.310 defines "agency" as "any state board, commission, department, or division thereof. . ."

As such, an alleged "policy maker" such as Giblin, Matteucci and Allen, would necessarily be delegated authority to enact rules under Chapter 183. As such, they would then be an "agency" for rulemaking purposes under state law. Because this authority to embody an "agency" under Chapter 183.325 can only come from their status as "official or "employee," Plaintiffs' claims are barred by the Eleventh Amendment. Individuals, without specific delegated authority, have no ability to enact rules under the APA. Simply, they cannot enact official rules in their personal capacities. As such, Plaintiffs have failed provide specific facts that distinguish the actions of Defendants in the personal and official capacities.

    a. <u>Plaintiffs' state law claims are barred by the Eleventh Amendment and lack sufficient facts.</u>

Plaintiffs' state law tort claims are barred under the Eleventh Amendment. In *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), the Supreme Court held that the federal courts "lacked jurisdiction to enjoin petitioner state institutions and state officials on the basis of * * * state law." 465 U.S. at 124-25. The Court explained, "it is difficult to think of a

Page 5 -    DEFENDANTS' MOTION TO DISMISS
    AK1/rrc/749289812
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106.

Under Oregon law, if an individual is named "the sole cause of action * * * is an action against the public body," and Oregon statutes also require that "the court upon motion shall substitute the public body as the defendant." ORS 30.265(3). Therefore, on the state law claim, the individual defendants should be dismissed and the State of Oregon and Oregon State Hospital should be substituted as the appropriate defendants. *See United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966) (stating that state law applies to pendant state claims). The result of substitution is that the Eleventh Amendment bars Plaintiffs' UTPA and IIER claims.

Even if these state law claims were not prohibited under the Eleventh Amendment, there are still insufficient facts to support them. The UTPA requires that the defendant commit an unlawful trade practice under OSR 646.608(1). The subsections OSR 646.608(1) range from "a" to "aaaa." Plaintiffs fail to allege which of the 72 different subparts of ORS 646.608(1) were violated. Plaintiffs' Intentional Interference with Economic Relationship (IIER) allegations also do not state a claim. An IIER claim, requires interference through "improper means." This must be include "violence, threats, intimidation, deceit, misrepresentation, bribery, unfounded litigation, defamation and disparaging falsehood." *Conklin v. Karban Rock, Inc*., 94 Or. App. 593, 601, 767 P.2d 444, rev. den, 307 Or. 719, 773 P.2d 774 (1989) Plaintiffs make no such allegations.

### 3. Plaintiffs Fail to State a Claim under 42 U.S.C. § 1983.

Notwithstanding the above, Plaintiffs' claims against Defendants Giblin, Matteucci and Allen must also be dismissed for failure to state a claim. To state a claim against a state official under §1983, two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his or her conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 5 U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327

Page 6 -   DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(1986). When a plaintiff fails to allege or establish any one of these elements, the complaint must be dismissed.

A person deprives another "of a constitutional right, within the meaning of [§] 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In the present case, Plaintiffs' Complaint fails to allege any affirmative acts by Matteucci and Allen, other than alluding to their participation in drafting policies. Plaintiffs only make statements to the effect of "OSH and Giblin, Matteucci and Allen's policies" but do not identify any actions on behalf of Matteucci and Allen. Moreover, the allegations against Giblin, are not identified to have directly impacted the Plaintiffs constitutional rights. In § 1983 actions, government officials may not be held liable for the acts of their subordinates under respondeat superior. *Iqbal*, 556 U.S. at 676. Plaintiff must plead a § 1983 violation against each Defendant based on his, her, its own individual action. See *id*. Defendants cannot be vicariously liable. Conclusionary allegations, unsupported by facts, have consistently been rejected as insufficient to state a claim under the Civil Rights Act." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)

### 4. Defendants are Entitled to Legislative Immunity on Claims for Damages and Injunctive Relief.

In addition, because the acts upon which Plaintiffs' civil rights claims are predicated occurred during the official agency rule making process, their actions are also protected by legislative immunity.

For seventy years, the Supreme Court has recognized that those engaged in legislative functions have absolute immunity from civil liability under §1983. Such immunity precludes inquiry into public officials' motives and intent in performing their legislative duties. *Tenney v.*

Page 7 -    DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Brandhove,* 341 U.S. 367 (1951). "The purpose of [legislative] immunity is to insure that the legislative function may be performed independently without fear of outside interference." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 731 (1980). "[T]he exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability." *Bogan v. Scott-Harris,* 523 U.S. 44, 52 (1998).

To achieve that purpose, legislative immunity provides not just immunity from liability, but also immunity from suit and the burdens of litigation. *Hutchinson v. Proxmire,* 443 U.S. 111, 123 (1979); *Dombroski v. Eastland,* 387 U.S. 82, 85 (1967). Immunity from the distraction, potential harassment, and burdens of litigation and discovery is necessary to avoid undesirable "social costs [that] include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." *Harlow v. Fitgerald,* 457 U.S. 800, 814 (1982); *see also Schmidt v. Contra Costa County,* _ F.3d_, 2012 WL 3937138, at *5 (9th Cir. Sept. 10, 2012) ("Legislative immunity applies to actions for damages and for injunctive relief.").

The Supreme Court has repeatedly made clear that absolute legislative immunity is not limited to legislators; officials "outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan,* 523 U.S. at 55. When Congress [or similarly, a state legislature,] authorizes an agency to create standards, it is delegating legislative authority, rather than itself setting forth a standard which the agency might then particularize through interpretation. Put differently, when a statute does not impose a duty on the persons subject to it but instead authorizes (or requires -- it makes no difference) an agency to impose a duty, the formulation of that duty becomes a legislative task entrusted to the agency. *Hoctor v. United States Dep't of Agric.,* 82 F.3d 165, 169 (7th Cir. 1996).

The Ninth Circuit has identified four factors to be considered by a court in determining whether an act is legislative: (1) whether the act involves *ad hoc* decision-making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large;

Page 8 -   DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(3) whether the act is formally legislative in character; and (4) whether the act bears all the hallmarks of traditional legislation. *Bogan,* 523 U.S. at 55; *Bechard v. Rappold,* 287 F.3d 827, 829 (9th Cir. 2002) (quoting *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 476 (9th Cir. 1998)). The factors are not mutually exclusive. *Kaahumanu v. County of Maui, 315* F.3d 1215, 1220 (9th Cir. 2003)

    a. <u>Defendants' acts constituted the formulation of policy.</u>

Defendants' actions during the rule making process constituted the formulation of policy. *See* ORS Chapter 183. Specifically, OSH's adoption of administrative rules relating to the receipt of packages and to personal property was done as part of the agencies' rule making authority. The Complaint only contains labels and conclusions related to the promulgation of OSH policy and procedure.

    b. <u>The rules have broad application.</u>

By their terms, OAR sections 309-102-0100 to OAR 309-102-0150 and OAR 309-108-0000 to 309-108-020 are general in their application. An initial narrow impact of the rules does not negate their general application nor render the promulgation of the regulations non-legislative. For example, in *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1347-49 (9th Cir. 1982) the Ninth Circuit held that local legislators who adopted a zoning ordinance that had the effect of making the plaintiff's businesses unlawful had absolute immunity because their acts were legislative in nature. *Kuzinich,* 689 F.2d at 1348. "Although the ordinance may have had an immediate practical effect on only two parcels of land [held by the same owner], by its terms the ordinance applied to all parcels within the covered area." *Kaahumanu,* 315 F.3d at 1220 (discussing *Kuzinich,* 689 F.2d at 1348. Here, the complained of regulations would cover anyone who came under the supervision of OSH.

    c. <u>Defendants' actions were formally legislative in character.</u>

As plead, Defendants' actions that form the basis of Plaintiffs' claims are also formally legislative in character. An executive official engages in formal legislative action when the

Page 9 -    DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

official introduces legislation and signs it into law. *See Bogan*, 523 U.S. at 55. All of the named Defendants are alleged to have participated in some manner in the rule-making at issue. (Dkt. 1, ¶ 33, stating "OSH and Giblin, Matteucci and Allen's policies.")  When the OSH members considered rules, received public comment, discussed the rules, and voted on their adoption, they were engaged in formally legislative acts.

        d.   <u>Rules bear the hallmark of traditional legislation</u>.

In adopting the challenged regulations, Defendants adopted rules of general application that are statutory in nature and arise out of a need to regulate OSH. The U.S. Supreme Court has determined that such rulemaking is legislative in character. See *Va. v. Consumers Union of the U.S., Inc*., 446 U.S. 719, 731 (1980) (holding that Supreme Court of Virginia acted in a legislative capacity in promulgating disciplinary rules because "[d]isciplinary rules are rules of general application and are statutory in character" and arise "out of a need to regulate conduct for the protection of all citizens."). As a result, Defendants' challenged conduct falls within "the sphere of legitimate legislative activity," *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951), and the members are protected by legislative immunity.

**5.  Defendants are Entitled to Qualified Immunity.**

Qualified immunity is necessary to "protect[ ] the public from unwarranted timidity on the part of public officials" and to avoid "dampen[ing] the ardour of all but the most resolute, or the most irresponsible." *Richardson v. McKnight,* 521 U.S. 399, 408, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997) (citation and internal quotation marks omitted). True to these purposes, the qualified immunity standard " 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). "Moreover, because '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability,' we repeatedly have stressed the

Page 10 -   DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter,* 502 U.S. at 227, 112 S.Ct. 534 (citation deleted) (emphasis in original)

A qualified immunity analysis consists of two prongs: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the [official's] conduct violated a constitutional right"; and (2) whether that right was clearly established. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *modified by Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Addressing the two prongs of the test in this order is often beneficial, but it is not mandatory. Instead, courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 129 S.Ct. at 818.

Here, it is beneficial to first look at whether the right is clearly established. Plaintiffs allege that they should have the right to order whatever packages and receive whatever mail they wish, unencumbered by any institutional policy or limitation. (Dkt. 1) To determine whether this alleged right was clearly established, a court turns to Supreme Court and Ninth Circuit law existing at the time of the alleged act. *See Osolinski v. Kane,* 92 F.3d 934, 936 (9th Cir.1996). Without binding precedent, the courts should look to available decisions of other circuits and district courts to ascertain whether the law is clearly established. *Id.* No binding precedent would allow OSH hospital patients to order unlimited packages from Amazon or other outside vendors. The policies at issue allow a mechanism for patients to receive prior authorization for approved parcels. See OAR 309-102-0120. Courts have long upheld restrictions on state hospital patient's right to free speech. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532, 2537–38, 53 L.Ed.2d 629 (1977). As such, Defendants are entitled to qualified immunity.

## CONCLUSION

For the above stated reasons, Plaintiffs' Complaint must be dismissed in its entirety.

DATED April  3 , 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Aaron D. Kelley_
AARON D. KELLEY #210615
JESSICA SPOONER #105919
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
aaron.kelley@doj.state.or.us
Jessica.Spooner@doj.state.or.us
Of Attorneys for Defendants

Page 12 -  DEFENDANTS' MOTION TO DISMISS
AK1/rrc/749289812

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000