Leonard R. Berman
9220 SW Barbur Bad., Suite 119 Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com

<u>ATTORNEY FOR PLAINTIFFS</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| TYLER BURNARD,<br>MICHAEL BRITZIUS,<br>DOUGLAS STYLES, | **Case No.: 6**:22-cv-1982MC<br><br>PLAINTIFFS' RESPONSE TO MOTION TO DISMISS |
| Plaintiffs, | |
| v. | |
| OREGON STATE HOSPITAL,<br>ADAM GIBLIN, Personally,<br>DELORES MATTEUCCI, Personally,<br>PATRICK ALLEN, Personally, | |
| Defendants. | |

COME NOW PLAINTIFFS, and file this Response to Motion to Dismiss.

**I. Plaintiffs concede that the Oregon State Hospital is not a proper defendant**

Plaintiffs remove the OSH in its companion proposed Amended Complaint.

1  PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

## II  COUNT 1

**VIOLATIONS OF FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

This Court has found a government entity, namely Columbia County, liable for First Amendment violations for denial of magazines and correspondence to inmates larger than a postcard.  Here, patients are not even inmates subject to penological standards. Although security interests apply to hospital security, the new policies are over-broad and not rationally related to a  legitimate security interest.

Further, Plaintiffs proposed Amended Complaint, filed in a separate Motion also alleges non-legislative liability for defendants Matteucci, Giblin and allen for personally denying delivery of packages and/or directing staff to forbear form doing so.  It also adds the language of acting "under color of state law."

## II. COUNT 2

**VIOLATIONS OF THE SUBSTANTIVE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

The plaintiffs were denied substantive due process in losing their right to packages and mail.

## III. COUNT 3

**VIOLATIONS OF THE PROCEDURAL DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

The plaintiffs were denied procedural due process in losing their right to packages and mail.

IV. COUNT 5

**Intentional Interference with Economic Relations (IIER)**

The following proposed language in the proposed amended complaint, cure any objections.

"The implication that family, friends and third-party vendors such as Amazon, are responsible for the past introduction of contraband to the hospital, as opposed to tortious and criminal staff and former staff, constitutes deceit, misrepresentation and disparaging falsehood."

**V. QUALIFIED IMMUNITY DOES NOT APPLY HERE**

**A. Irreparable Injury and *Turner* Apply**

Defendants Matteucci, Allen and Giblin were on notice that censoring and impeding incoming and outgoing mail and packages violated plaintiffs and patients rights for decades and are not entitled to qualified immunity.

The PLN case is instructive.

Commander Carpenter testified that during his 22-year career at the Jail he could recall contraband entering the Jail through the mail only one time:

[COUNSEL:] But the jail didn't have a problem with contraband coming in through the mail prior to the adoption of the postcard-only policy, did it?
[MR. CARPENTER:] No, ma'am.
Page 7 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

3  PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Case 3:12-cv-00071-SI Document 214 Filed 04/24/13 Page 8 of 46

[COUNSEL:] In fact, in your 22 year tenure, you can only think of one time when contraband may have come in through the mail?

[MR. CARPENTER:] We believe so. Due to our diligence.

Id. at 134. Sergeant Miller, who processed the mail "many, many times" over the course of eleven years working for the CCSO, never personally found anything "unsafe" in the mail. Miller Test. at 162, 179. During a meeting convened to discuss implementing a postcard-only policy, no one stated that contraband had been entering the Jail through the mail. Id. at 136.

### 1. Postcard-Only Policy

### a. Irreparable injury

PLN has demonstrated irreparable harm because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Assoc. Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity, 950 F.2d 1401, 1412 (9th Cir. 1991) ("We have stated that an alleged constitutional infringement will often alone constitute irreparable harm." (internal quotation marks, citation, and alterations omitted)).

J. Simon found irreparable injury issued a permanent injunction finding violations per *Turner v. Safley*, 482 U.S. 78 (1987)

### CONCLUSION

**The Court will issue a separate Order that PERMANENTLY ENJOINS Defendants**

from restricting all incoming and outgoing inmate personal mail to postcards only. The Order

will provide that Defendants shall not refuse to deliver or process personal inmate mail solely on

the grounds that it is not on a postcard. In the Order, the Court will also DECLARE that inmates have a First Amendment right to receive magazines and that it would be unconstitutional for Defendants to refuse to deliver magazines to inmates solely because they are magazines. The Court will also DECLARE that inmates and their unincarcerated correspondents have a Fourteenth Amendment right to procedural due process when Defendants reject their mail and that, at a minimum: (1) an inmate must be notified when Defendants reject correspondence written by or addressed to the inmate; (2) senders of rejected correspondence must be given a

reasonable opportunity to appeal the rejection; and (3) appeals must be referred to a prison official other than the person who originally rejected the correspondence.

Case 3:12-cv-00071-SI  PLN v. Columbia County Document 214 Filed 04/24/13 Page 46 of 46

### VII.  Conclusion

     Plaintiffs pray the Court grants them leave to file their proposed amended complaint and ultimately follows the PLN precedent to strike the OSH policies as unconstitutional. In the alternative, Plaintiffs pray the Court remands the case to Marion County for further proceedings.

DATED this 17TH<sup>t</sup> day of April, 2023

*Respectfully Submitted*,

<u>S//S Leonard R. Berman</u>

*Leonard Berman*, OSB #96040

Attorney for Plaintiffs

5  PLAINTIFFS' RESPONSE TO MOTION TO DISMISS