ELLEN F. ROSENBLUM
Attorney General
SARA DEL RUBIN  #232414
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 971-673-5000
Email: sara.delrubin@doj.state.or.us

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER BURNARD,<br>MICHAEL BRITZIUS,<br>DOUGLAS STYLES,<br><br>    Plaintiffs,<br><br>    v.<br><br>OREGON STATE HOSPITAL,<br>ADAM GIBLIN, Personally,<br>DELORES MATTEUCCI, Personally,<br>PATRICK ALLEN, Personally,<br><br>    Defendants. | Case No.  6:22-cv-01982-MC<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS |

Defendants submit the following reply in support of their Motion to Dismiss the Amended Complaint.

### I.    There was no certification violation

Former counsel for Defendants did confer with Plaintiffs' counsel as to the merits of the first motion to dismiss and Plaintiffs' proposed amendments to their complaint.  *See* Dec. of Aaron D. Kelley, Exhibit 1.  Former Counsel for Defendants informed Plaintiffs' counsel during their correspondence that Plaintiffs' proposed amendments did not address the Defendants' arguments that would inform their first motion to dismiss.  Exhibit 1.  Plaintiffs filed their Amended Complaint.  Accordingly Defendants' counsel filed the second motion to dismiss, essentially

Page 1 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
    SD8/a4s/911845783

reiterating the arguments made in the first motion to dismiss. Given that the parties had already conferred about Plaintiffs' proposed amendments, the conferral requirements of LR 7-1(a)(2) were satisfied. Dec. of Aaron D. Kelley.

## II.    State Law Claims

In their response, Plaintiffs do not address Defendants' arguments that their state law claims are barred by Eleventh Amendment immunity. Because Plaintiffs' state law tort claims target state employees acting "within the scope of their employment or duties," the state is the proper party to sue, and the state-law claims are barred by the Eleventh Amendment. ORS 30.265; *see Lumbreras v. Roberts*, 319 F.Supp.2d 1191, 1214 (D.Or.2004) *aff'd*, 156 F. App'x 952 (9th Cir.2005) (because employees were acting in the scope of their employment, the state was the proper party to sue, barring state law claims by the Eleventh Amendment). For those reasons, Plaintiffs' state law claims should be dismissed.

In the alternative, as briefed in the motion to dismiss, Plaintiffs' state-law claims should be dismissed because they do not satisfy the requirements of FRCP 12(b)(6). Plaintiffs' response contends that, by adding language to the complaint that Defendants' actions in denying delivery "constitutes deceit, misrepresentation and disparaging falsehood," the Complaint alleges facts sufficient to state a claim for intentional interference with economic relations (IIER). But Plaintiffs' complaint contains no additional details as to how the denial was deceitful. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Plaintiffs still have not pleaded sufficient facts to establish a claim for IIER. And Plaintiffs do not respond to Defendants' argument that they have failed to allege what unlawful trade practice Defendants are alleged to have committed under ORS 646.607 or ORS 646.608. Accordingly, Plaintiffs have also failed to plead facts sufficient to establish a claim under the UTPA, and their state-law claims should be dismissed.

Page 2 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
          SD8/a4s/911845783

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### III. Federal Constitutional Claims

#### A. Failure to state a claim

Plaintiffs do not respond to Defendants' contention that their Amended Complaint fails to allege sufficient facts to state a claim. Plaintiffs' assertion that the individually-named defendants "and/or their staff, at their direction, all denied entry of packages" is devoid of specificity and accordingly is insufficient to state a claim. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (complaint was insufficient when it was "based on conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant" and contained "no allegation of a *specific* policy implemented by the Defendants or a *specific* event or events instigated by the Defendants" (emphasis in original)); *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012) (The court must discount "plaintiffs' wholly conclusory allegation that the supervisory defendants 'personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted' the allegedly unconstitutional stops"). Accordingly, Plaintiffs still have not alleged sufficient facts to support their constitutional claims against Defendants.

#### B. Eleventh Amendment

Plaintiffs also do not address the substance of Defendants' argument as to why the Eleventh Amendment also bars their federal claims. Plaintiffs assert in their response that by alleging that defendants Matteucci, Giblin, and Allen personally denied the delivery of packages and/or directing staff to do so and adding the language "under color of state law" that their claims are no longer barred by the Eleventh Amendment. Dkt. 27. However, that is not responsive to Defendants' argument that Plaintiffs' claims are essentially targeting Defendants Matteucci, Giblin, and Allen in their roles as rule makers effectuating an administrative rule, and accordingly are acting as an "agency." *See* ORS 183.325 ("Any officer or employee to whom rulemaking authority is delegated under this section is an "agency" for the purposes of the rulemaking requirements of this chapter."). Because individuals cannot enact official rules in their personal capacities, the individual defendants are actually being sued in their official

Page 3 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
           SD8/a4s/911845783

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

capacity and, therefore, their claims are barred. *See Will v. Michigan Dept of State Police*, 491 U.S. 58, 71 (1989) (state officials acting in their official capacities are not "persons" under section 1983).

### C. Legislative Immunity and Qualified Immunity

Plaintiffs' claims are also barred by legislative immunity. Plaintiffs' response contends that by alleging that Defendants "denied entry of packages" they have adequately alleged non-legislative liability. As reiterated above, such an allegation is wholly conclusory and must be discounted. *See Ashcroft*, 556 U.S. at 678 (pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Accordingly, what is left are Plaintiffs' allegations regarding Defendants' actions in adopting and implementing the policies at issue. As explained in more detail in the motion to dismiss, Defendants' challenged conduct as to the adoption of the challenged rules were "actions taken in the sphere of legitimate legislative activity," and accordingly are protected by legislative immunity. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (internal quotation marks omitted).

Finally, Defendants are entitled to qualified immunity, because Plaintiffs' do not have a clearly established right to unrestricted access to packages from outside vendors. *See Martyr v. Mazur-Hart*, 789 F.Supp. 1081, 1085 (D.Or. 1992) ("Any form of involuntary confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech.").

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 4 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
SD8/a4s/911845783

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

For the above reasons, Defendants ask that the court dismiss Plaintiffs' Amended Complaint in its entirety.

DATED September 22, 2023.

                                      Respectfully submitted,

                                      ELLEN F. ROSENBLUM
                                      Attorney General

                                      *s/ Sara Del Rubin*
                                      SARA DEL RUBIN #232414
                                      Assistant Attorney General
                                      Trial Attorney
                                      Tel (971) 673-1880
                                      Fax (971) 673-5000
                                      sara.delrubin@doj.state.or.us
                                      Of Attorneys for Defendants

Page 5 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
          SD8/a4s/911845783

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on September 22, 2023, I served the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Leonard R. Berman<br>Law Office of Leonard R. Berman<br>9220 SW Barbur Blvd,, Suite 119, Box 180<br>Portland, OR 97219<br>    *Attorney for Plaintiffs* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>_X_ E-MAIL<br>_X_ E-SERVE |

                                       *s/ Sara Del Rubin*
                                       SARA DEL RUBIN #232414
                                       Assistant Attorney General
                                       Trial Attorney
                                       Tel (971) 673-1880
                                       Fax (971) 673-5000
                                       sara.delrubin@doj.state.or.us
                                       Of Attorneys for Defendants