ELLEN F. ROSENBLUM
Attorney General
SARA DEL RUBIN  #232414
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 971-673-5000
Email: sara.delrubin@doj.state.or.us

      Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER BURNARD,<br>MICHAEL BRITZIUS,<br>DOUGLAS STYLES,<br><br>      Plaintiffs,<br><br>   v.<br><br>OREGON STATE HOSPITAL,<br>ADAM GIBLIN, Personally,<br>DELORES MATTEUCCI, Personally,<br>PATRICK ALLEN, Personally,<br><br>      Defendants. | Case No.  6:22-cv-01982-MC<br><br>DECLARATION OF AARON D. KELLEY IN<br>SUPPORT OF DEFENDANTS' REPLY IN<br>SUPPORT OF MOTION TO DISMISS |

I, Aaron D. Kelley, declare:

1.      I am an Assistant Attorney General for the State of Oregon, Department of

Justice.  I was assigned to represent Defendants in the above-captioned case before it was

transferred to Assistant Attorney General Sara Del Rubin.

2.      I make this declaration in support of Defendants' Reply in Support of Motion to

Dismiss.

Page 1 -   DECLARATION OF AARON D. KELLEY IN SUPPORT OF DEFENDANTS' REPLY IN
         SUPPORT OF MOTION TO DISMISS
         SD8/a4s/911845703

3.      I conferred with opposing counsel as to my original motion to dismiss. Attached as **Exhibit 1** is a true and correct copy of our email correspondence regarding the merits of the motion to dismiss.

4.      During that email exchange, we discussed opposing counsel's proposed amendments to the Complaint in response to my legal arguments.  I communicated at that time to opposing counsel that his amendments did not alter my arguments. Accordingly, when the Amended Complaint was filed, I submitted a second motion to dismiss, essentially reiterating the arguments contained in the first motion to dismiss. Given that I had communicated my view on opposing counsel's proposed amendments during our original exchange, the conferral requirements of LR 7-1(a)(2) were satisfied. Opposing counsel and I discussed each claim, defense, and issue that is the subject of the dispositive motion.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED on September 22, 2023.

*s/ Aaron D. Kelley*
AARON D. KELLEY

Page 2 -    DECLARATION OF AARON D. KELLEY IN SUPPORT OF DEFENDANTS' REPLY IN
            SUPPORT OF MOTION TO DISMISS
SD8/a4s/911845703

**From:** Mr Leonard Berman <easyrabbi@yahoo.com>
**Sent:** Tuesday, March 28, 2023 2:50 PM
**To:** Kelley Aaron <aaron.kelley@doj.state.or.us>; Leonard Berman <easyrabbi@yahoo.com>
**Cc:** xxSpooner Jessica <jessica.spooner@doj.state.or.us>; Ross Shannon
<shannon.ross@doj.state.or.us>; Thiems Leeanne N <Leeanne.N.Thiems@doj.state.or.us>
**Subject:** Re: Burnard et al v. Hospital Conferral Request- 3-28-23

==*CAUTION EXTERNAL EMAIL* This email originated from outside of DOJ. Treat attachments and links with
caution. *CAUTION EXTERNAL EMAIL*==

3-28-23

Mr. Kelley:

Thank you for your prompt response yesterday. I have attached a new revision and
commented below to your issues. Please advise ASAP.

Thanks,

Len


- **Any claims against OSH are barred by the eleventh amendment**

  - Under the Eleventh Amendment, federal courts may not entertain a lawsuit brought by a
    citizen against a state, its agencies, or departments without the state's consent. Seminole
    Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).
  - "Although the State of Oregon has consented to be sued in Oregon courts for the torts
    committed by its employees, officers, or agents while acting within the course and scope
    of their employment under the [Oregon Tort Claims Act], it has not consented to be sued
    in federal courts for those torts." *Blair v. Toran*, 1999 WL 1270802, at *23 (D. Or. Dec. 2,
    1999), affirmed 12 Fed. Appx. 604 (9th Cir. June 25, 2001)--

- i am prepared to dismiss OSH as not viable defendant

- **The allegations made against the individual defendants are in fact, claims against the
  state.**

  - Although name Defendants "personally," the basis for the claims is OSH's adoption of
    administrative rules relating to receiving mail and other packages. The Eleventh
    Amendment "prohibits damage actions against an 'official's office' - actions that are in
    reality suits against the state itself, rather than its individual officials." *Stivers v. Pierce,* 71
    F.3d 732, 749 (9th Cir. 1995) (citation omitted). Claims against officials that are, in fact
    claims against a state are barred regardless of the relief sought. *See Cory v. White,* 457
    U.S. 85, 91 (1982).
  - An OAR can only be adopted by state officials acting as an official of an administrative
    body. The authority to implement such regulations comes from their office; as such, I
    don't believe you have made any allegations relating to Defendant's individual capacities.

Exhibit 1, Page 1 of 8

- I have added affirmative facts for Giblin blocking ingress and egress of actual packages, as an independent state and federal tort independent of legislative discretionary immunity functions state or "official" action.

- **Legislative immunity bars all claims**

  - The Supreme Court has recognized that those engaged in legislative functions have absolute immunity from civil liability under Sec. 1983.
  - The Supreme Court has repeatedly made clear that absolute legislative immunity is not limited to legislators; officials "outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan,* 523 U.S. at 55.
  - The Ninth Circuit has identified four factors to be considered by a court in determining whether an act is legislative: (1) whether the act involves *ad hoc* decision-making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether the act bears all the hallmarks of traditional legislation. *Bogan,* 523 U.S. at 55; *Bechard v. Rappold,* 287 F.3d 827, 829 (9th Cir. 2002) (quoting *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 476 (9th Cir. 1998)). All factors are met here.

    - 
- I have added affirmative facts for Giblin blocking ingress and egress of actual packages, as an independent state and federal tort independent of legislative discretionary immunity functions state or "official" action.

- **Plaintiffs have failed to state a claim under Sec. 1983**

  - To state a claim under Sec. 1983 against a state official in his or her personal capacity, two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his or her conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 5 U.S. 527, 535 (1981)
  - The Complaint fails to allege any affirmative acts by Matteucci and Allen, other than alluding to their participation in drafting policies. There is the statement "OSH and Giblin, Matteucci and Allen's policies" but nothing else.
- 
- I have added affirmative facts for Giblin blocking ingress and egress of actual packages, as an independent state and federal tort independent of legislative discretionary immunity functions state or "official" action.

- **Defendants are entitled to Qualified Immunity**

  - A qualified immunity analysis consists of two prongs: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the [official's] conduct violated a constitutional right"; and (2) whether that right was clearly established. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *modified by Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

- - There is no binding precedent that would allow OSH hospital patients to order unlimited packages from Amazon or other outside vendors.
- You can plead that in your Answer but we claim otherwise.  See PLN. v Columbia County

- **Discretionary immunity bars state law claims**

  - The Oregon Tort Claims Act, which provides the limited waiver of sovereign immunity that allows claims against the State, includes a provision for discretionary function immunity.
  - The enactment of OARs is clearly a discretionary choice.
-
- Once again. I have added affirmative facts for Giblin blocking ingress and egress of actual packages, as an independent state and federal tort independent of legislative discretionary immunity functions state or "official" action.

- **Failure to state a UTPA claim**

  - To establish a claim under the UTPA, ORS 646.608, a plaintiff in a private action must prove "that (1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money or property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice." *Pearson v. Philip Morris, Inc.*, 358 Or 88, 127, 361 P3d 3 (2015).
  - The primary problem here is that there are no allegations regarding what unlawful trade practice was committed by Defendants under OSR 646.608(1).
- I added the required language. What is missing??

- **Failure to state an IIEP claim**

  - An IIER claim requires (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995).
  - The complaint does not contain allegations to each of these.

I added the required language. What is missing??


Thanks,

Len

On Monday, March 27, 2023 at 08:50:02 AM PDT, Kelley Aaron <aaron.kelley@doj.state.or.us> wrote:

Mr. Berman,

I appreciate you passing this along before filing. However, your amendments do not resolve my concerns. I don't see much that was added to address most of the issues I identified below. I don't see a lot of substantive additions besides some tweaks to a few paragraphs and some additional statements to support Counts 4 and 5. Some of the new statements contained in Count 4 appear to be some of the bullet points that I sent you related to Count 5.

Best,

Aaron

**Aaron D. Kelley**

Assistant Attorney General | Civil Litigation Section

Oregon Department of Justice

503.881.3074

**From:** Mr Leonard Berman <easyrabbi@yahoo.com>
**Sent:** Sunday, March 26, 2023 10:04 PM
**To:** Kelley Aaron <aaron.kelley@doj.state.or.us>; Leonard Berman <easyrabbi@yahoo.com>
**Cc:** Chapman Rebecca R <Rebecca.R.Chapman@doj.state.or.us>; Spooner Jessica
<jessica.spooner@doj.state.or.us>; Ross Shannon <shannon.ross@doj.state.or.us>
**Subject:** Re: Burnard et al v. Hospital Conferral Request- 3-26-23

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and
links with caution. \*CAUTION EXTERNAL EMAIL\***

Aaron:

Please review my proposed Amended Complaint and share your input .

Thanks.

Len

On Monday, March 20, 2023 at 12:31:55 PM PDT, Kelley Aaron <aaron.kelley@doj.state.or.us> wrote:

Len,

Here are the grounds that will form the basis for my motion to dismiss. I am providing this list according to LR-1(a)(2).

- **Any claims against OSH are barred by the eleventh amendment**

  - Under the Eleventh Amendment, federal courts may not entertain a lawsuit brought by a citizen against a state, its agencies, or departments without the state's consent. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).
  - "Although the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the [Oregon Tort Claims Act], it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, 1999 WL 1270802, at *23 (D. Or. Dec. 2, 1999), affirmed 12 Fed. Appx. 604 (9th Cir. June 25, 2001)

- **The allegations made against the individual defendants are in fact, claims against the state.**

  - Although name Defendants "personally," the basis for the claims is OSH's adoption of administrative rules relating to receiving mail and other packages. The Eleventh Amendment "prohibits damage actions against an 'official's office' - actions that are in reality suits against the state itself, rather than its individual officials." *Stivers v. Pierce,* 71 F.3d 732, 749 (9th Cir. 1995) (citation omitted). Claims against officials that are, in fact claims against a state are barred regardless of the relief sought. *See Cory v. White,* 457 U.S. 85, 91 (1982).
  - An OAR can only be adopted by state officials acting as an official of an administrative body. The authority to implement such regulations comes from their office; as such, I don't believe you have made any allegations relating to Defendant's individual capacities.

- **Legislative immunity bars all claims**

  - The Supreme Court has recognized that those engaged in legislative functions have absolute immunity from civil liability under Sec. 1983.
  - The Supreme Court has repeatedly made clear that absolute legislative immunity is not limited to legislators; officials "outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan,* 523 U.S. at 55.
  - The Ninth Circuit has identified four factors to be considered by a court in determining whether an act is legislative: (1) whether the act involves *ad hoc* decision-making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether the act bears all the hallmarks of traditional legislation. *Bogan,* 523 U.S. at 55; *Bechard v. Rappold,* 287 F.3d 827, 829 (9th Cir. 2002) (quoting *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 476 (9th Cir. 1998)). All factors are met here.

- **Plaintiffs have failed to state a claim under Sec. 1983**

  - To state a claim under Sec. 1983 against a state official in his or her personal capacity, two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his or her conduct must have deprived the plaintiff of rights, privileges,

Exhibit 1, Page 6 of 8

or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 5 U.S. 527, 535 (1981)
- o The Complaint fails to allege any affirmative acts by Matteucci and Allen, other than alluding to their participation in drafting policies. There is the statement "OSH and Giblin, Matteucci and Allen's policies" but nothing else.

- **Defendants are entitled to Qualified Immunity**

  - o A qualified immunity analysis consists of two prongs: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the [official's] conduct violated a constitutional right"; and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *modified by Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
  - o There is no binding precedent that would allow OSH hospital patients to order unlimited packages from Amazon or other outside vendors.

- **Discretionary immunity bars state law claims**

  - o The Oregon Tort Claims Act, which provides the limited waiver of sovereign immunity that allows claims against the State, includes a provision for discretionary function immunity.
  - o The enactment of OARs is clearly a discretionary choice.

- **Failure to state a UTPA claim**

  - o To establish a claim under the UTPA, ORS 646.608, a plaintiff in a private action must prove "that (1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money or property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice." *Pearson v. Philip Morris, Inc.*, 358 Or 88, 127, 361 P3d 3 (2015).
  - o The primary problem here is that there are no allegations regarding what unlawful trade practice was committed by Defendants under OSR 646.608(1).

- **Failure to state an IIEP claim**

  - o An IIER claim requires (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995).
  - o The complaint does not contain allegations to each of these.

Best, Aaron

**Aaron D. Kelley**

Assistant Attorney General | Civil Litigation Section

Oregon Department of Justice

503.881.3074

**From:** Mr Leonard Berman <easyrabbi@yahoo.com>
**Sent:** Monday, March 20, 2023 11:58 AM
**To:** Kelley Aaron <aaron.kelley@doj.state.or.us>; Leonard Berman <easyrabbi@yahoo.com>
**Cc:** Chapman Rebecca R <Rebecca.R.Chapman@doj.state.or.us>; Spooner Jessica
<jessica.spooner@doj.state.or.us>; Ross Shannon <shannon.ross@doj.state.or.us>
**Subject:** Re: Burnard et al v. Hospital Conferral Request- 3-20-23

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and
links with caution. \*CAUTION EXTERNAL EMAIL\***

3-23-23

Mr. Kelley:

 This is to confirm our chat today on your pending motion to dismiss certain claims.  I
will await your 14-day extension  motion and await your detailed email and we can
discuss and confer further in the coming weeks.

Thanks,

Len Berman

Sent from Yahoo Mail on Android

On Mon, Mar 20, 2023 at 8:51 AM, Kelley Aaron

<aaron.kelley@doj.state.or.us> wrote:

Mr. Berman,

 I left you a message earlier this morning in regards to this case. I need to confer with you pursuant to LR
7-1. Please give me a call at your earliest convenience at (503) 881-3074, or let me know when you are
available later today.

 Best,

Aaron

**Aaron D. Kelley**

Assistant Attorney General | Civil Litigation Section

Oregon Department of Justice

503.881.3074

## CERTIFICATE OF SERVICE

I certify that on September 22, 2023, I served the foregoing DECLARATION OF

AARON D. KELLEY IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION

TO DISMISS upon the parties hereto by the method indicated below, and addressed to the

following:

Leonard R. Berman                                           ___ HAND DELIVERY
Law Office of Leonard R. Berman                             ___ MAIL DELIVERY
9220 SW Barbur Blvd,, Suite 119, Box 180                    ___ OVERNIGHT MAIL
Portland, OR 97219                                          ___ TELECOPY (FAX)
    *Attorney for Plaintiffs*                          X_ E-MAIL
                                                        X_ E-SERVE


*s/ Sara Del Rubin*
SARA DEL RUBIN #232414
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
sara.delrubin@doj.state.or.us
Of Attorneys for Defendants


Page 3 -    CERTIFICATE OF SERVICE