Leonard R. Berman
9220 SW Barbur Bad., Suite 119 Box 180 Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com

ATTORNEY FOR PLAINTIFFS

Ex. A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| TYLER BURNARD, MICHAEL BRITZIUS, DOUGLAS STYLES, Plaintiffs, v. OREGON STATE HOSPITAL, ADAM GIBLIN, Personally, DELORES MATTEUCCI, Personally, PATRICK ALLEN, Personally, Defendants. | **Case No.: 6**:22-cv-1982 MC<br><br>SECOND AMENDED COMPLAINT<br><br>( 42 U.S.C. § 1983) |

**I. INTRODUCTION**

Second Amended Complaint 1

1. Plaintiffs Tyler Burnard, Michael Britzius and Douglas Styles bring this action to enjoin Defendants' Oregon State Hospital (hereafter, "OSH"), Adam Giblin, OSH Security Director, Delores Matteucci, 2 SECOND AMENDED COMPLAINT

[1]

OSH Superintendent, Patrick Allen, Oregon Health Authority (OHA) Director who have prohibited the

shipping, receiving and hand-delivering of gifts and products to and from patients who reside at OSH in

violation of the First Amendment, the Fourteenth Amendment's Procedural and Substantive Due Process Clause, and the Commerce Clause, and a Restraint of Trade, Tortious Interference with Business Relations, and UTPA Violations under 42 U.S.C. § 1983. Defendants have adopted and implemented written violative policies.

## II. JURISDICTION AND VENUE

2 This action arises under the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

3. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b)(2) because a substantial part of the events complained of occurred in this District, and because the Defendants reside in this District.

## III. PARTIES

4. Plaintiffs Burnard, Britzius and Styles are three current patients at OSH in Salem, Marion County.

5. Adam Giblin, Delores Matteucci, OSH Superintendent, Patrick Allen, OHA Director are employed by and agents of the State of Oregon and the OSH. They are responsible for security operations of the OSH, and the training and supervision of the staff who interpret and implement the OSH's mail policy for prisoners. Giblin is the policymaker for OSH policy governing security, mail and packages for patients. Each of the acts and omissions of persons alleged herein were taken under color of state law and within the scope of their official duties as employees and officers of the State of Oregon.

## IV. FACTUAL ALLEGATIONS

6. The Oregon State Hospital Houses more than five hundred citizen patients. OSH was adjudicated to have violated patients' rights by allowing the flow of illegal contraband into the facility through dishonest and criminal staff, by the United States Department of Justice. Rather than correct their staffing, supervisory and managerial deficiencies, they have punitively denied

---

[1]

patients who are not prisoners from continuing to receive mailed and hand-delivered gifts of food, clothing, and online purchases and the like in a punitive, retributive gesture against medically and mentally fragile citizens. Prisoners have much greater package and mail rights. They have also denied access to religious articles that are not available through their OSH catalog further violating First Amendment Rights religious and speech rights , the Commerce Clause and the $5_{th}$ and $14_{th}$ Equal Protection Clause Rights. Plaintiffs will be seeking a preliminary and permanent injunction.

7. Starting on or about July 5, 2022, Giblin revised OSH policies without notice or opportunity for comment, denying all incoming mailed packages and hand-delivered items, regardless of their content. All third-party mail-order packages from interstate companies such as Amazon, etc., friends and family members, heretofore allowed, were peremptorily denied.

8. Tyler Burnard, a patient at OSH, has been denied previously allowed packages to and from his lawyer, family, friends and Amazon and other interstate and national vendors, to his profound detriment, rehabilitation and quality of life.

9. Mr. Burnard was able to order previously repeatedly from Amazon and other vendors. He no longer can so contract with outside vendors nor receive or send packages and gifts from friends and family.

10. Michael Britzius, a patient at OSH, has been denied previously allowed package from his family, friends and Amazon and other interstate and national vendors, to his profound detriment, rehabilitation and quality of life.

11. Mr. Britzius was able to order and later receive items from Amazon on February 5, 2022 and denied in October and November, 2022. He can no longer receive nor send packages and gifts from friends and family.

12. Douglas Styles, a patient at OSH, has been denied previously allowed packages to and from his family, friends and Amazon and other interstate and national vendors, to his profound detriment, rehabilitation and quality of life. He is also a practicing Native American and has been unable to order religious sacraments as a result.

13. Mr. Styles ordered and received Native religious and cultural items from Prairie Edge in Rapid City South Dakota on February 19, 2021. All efforts to order again since July 5, 2022 have failed. He can no longer receive nor send packages and gifts from friends and family.

14. Mr. Styles somehow obtained an ostensible policy and flowsheet called " Patient Outside Vendor Exception Ordering and Fulfillment Process " dated 8/19/22. However this "policy" has not been disseminated or otherwise posted anywhere in OSH, never honored, and no staff or

Second Amended Complaint 3

other patient has ever seen it before.

15. On or about December 5, 2022, a tot claim issued against the State of Oregon.

16. On or about November 1, 2023, OSH claims Mr. Burnard 'violated' a policy and committed alleged "misconduct" leading to termination to date of any internet or email access, an on-going tort, to the detriment of his attorney-client, and parent-child, and family/friend relationships This is spurious, arbitrary and capricious, an abuse of discretion, punitive and retaliatory in nature, illegally restricting his free speech access to receive and send emails to/from his multiple[2]

counsel, friends and family.

17. His co-plaintiff Douglas Styles has unfettered daily email access.

18. The decision was made by Psychiatrist Peykanu and program director Anthony Cornell, Micky Logan, legal director, and other unnamed administrators and managers. The State can provide no statutes or caselaw that authorize the state to deny a patient access to his email communications in and out of the facility. These actions are against the law and tortious First Amendment violations, negligent and intentional torts.

19. On March 22, 2024, a tort claim issued on behalf of Mr. Burnard for the cessation of his internet access.

## V. CLAIM ALLEGATIONS COUNT 1

**VIOLATIONS OF FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

20. Plaintiffs reallege and incorporate by reference the preceding paragraphs.

21. The acts described above constitute violations of Plaintiff's rights, the rights of other correspondents who have attempted to or intend to correspond and do business with patients at the OSH both incoming and outgoing mail, and the rights of patients confined at the OSH, under the First Amendment to the United States Constitution through 42 U.S.C. § 1983, and Tyler Burnard's suspended access to the internet and email starting November 1, 2023.

22. The acts described above have caused damages to Plaintiffs, and will continue to cause damage.

23. Plaintiff seeks declaratory and injunctive relief and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages solely against Defendant Giblin, Matteucci and Allen in their individual capacity.

---

[2]

Second Amended Complaint 4

# COUNT 2

**VIOLATIONS OF THE SUBSTANTIVE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

25. Plaintiffs reallege and incorporates by reference the preceding paragraphs.

26. The acts described above constitute violations of Plaintiff's rights, the rights of other correspondents and businesses who have attempted to or intend to correspond with patients at OSH and contract with them, as well as friends and family, and prevented their right to contract for personal and economic benefit under the Fourteenth Amendment Substantive Due Process clauses to the United States Constitution through 42 U.S.C. § 1983, and Tyler Burnard's suspended access to the internet and email starting November 1, 2023.

27. The acts described above have caused damages to Plaintiffs, and will continue to cause damage.

28. Plaintiff seeks declaratory and injunctive relief and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages solely against Defendant Giblin , Matteucci and Allen and in their individual capacity.

# COUNT 3

**VIOLATIONS OF THE PROCEDURAL DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

29. Plaintiffs reallege and incorporates by reference the preceding paragraphs.

30. The acts described above constitute violations of Plaintiff's rights, the rights of other correspondents and businesses who have attempted to or intend to correspond with patients at OSH and contract with them, as well as friends and family, and prevented their right to contract for personal and economic benefit with no notice, opportunity to comment or object and no alternatives to their right to contract with third-parties under the Fourteenth Amendment Procedural Due Process clauses to the United States Constitution through 42 U.S.C. § 1983, and Tyler Burnard's suspended access to the internet and email starting November 1, 2023.

31. The acts described above have caused damages to Plaintiffs, and will continue to cause damage.

32. Plaintiff seeks declaratory and injunctive relief and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages solely against Defendant Giblin , Matteucci and Allen and in their individual capacity.

## COUNT 4
**UNFAIR TRADE PRACTICES ACT (UTPA) VIOLATIONS**

33. Plaintiffs reallege and incorporates by reference the preceding paragraphs.

34. Pursuant to ORS 646.607, OSH has engaged in an unlawful trade practice in the course of its business, employing unconscionable tactics and policies in connection with providing housing and treatment to plaintiffs and all OSH patients while depriving them from contracting with outside vendors, families and friends since July 5, 2022, and Tyler Burnard's suspended access to the internet and email starting November 1, 2023.

35 This claim is subject to treble damages.

36. As a result of Defendants' deprivation of plaintiffs' rights to contract with outside vendors, Plaintiffs have suffered fear, anxiety, and emotional distress, and denial of the right to contract with outside vendors and the ensuing economic benefits therein.

## COUNT 5

Intentional Interference with Economic Relations (IIER)

37. Plaintiffs reallege and incorporates by reference the preceding paragraphs.

38. OSH and Giblin , Matteucci and Allen's policies constitute the Intentional Interference with Economic Relations. *See McGanty v. Staudenraus*, 901 P.2d 841, 321 Or. 532 (Or. 1995) (an IIER claim is stated where a third-party intentionally interferes with a business relationship, for an improper purpose, and with damage to the complaining party). Here all plaintiffs and patients have been deprived of their right to contract with outside vendors to their economic deprivation, absent any justification.

## VI. INJUNCTION ALLEGATIONS

39. Defendants' unconstitutional policy, practices, and customs are ongoing and continue to violate Plaintiffs' constitutional rights and the rights of other correspondents and merchants , and as such there is no adequate remedy at law.

40. Plaintiffs are entitled to injunctive relief prohibiting Defendants from: refusing to allow packages, gifts and mail of non-contraband items without substantive and procedural due process of law.

## VII. REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request relief as follows:

A. A preliminary injunction and a permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

B. A declaration that Defendants' policies, practices, and customs violate the Constitution.

Second Amended Complaint 6

C. An award of nominal, compensatory, and punitive damages for each violation of its First Amendment rights to free speech and expression in an amount to be proved at trial.

D. An award of nominal, compensatory, and punitive damages for each violation of its Fourteenth Amendment rights to due process in an amount to be proved at trial.

E. A trial by jury on damages.

F. Costs, including reasonable attorney's fees, under 42 U.S.C. § 1988, and under other applicable law.

G. Pre-judgment and post-judgment interest.

H. The right to conform the pleadings to the proof and evidence presented at trial.

I. Plaintiffs intend to move for Class action status.

J. Such other relief as the Court deems just and equitable.

DEMAND FOR JURY TRIAL

DATED this 8th day of May, 2024.

*Respectfully Submitted,*
*S//S Leonard R. Berman*

 Leonard Berman

OSB #96040 Attorney for Plaintiffs

Second Amended Complaint 7