ELLEN F. ROSENBLUM
Attorney General
SARA DEL RUBIN  #232414
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: sara.delrubin@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER BURNARD,<br>MICHAEL BRITZIUS,<br>DOUGLAS STYLES,<br><br>    Plaintiffs,<br><br>    v.<br><br>OREGON STATE HOSPITAL,<br>ADAM GIBLIN, Personally,<br>DELORES MATTEUCCI, Personally,<br>PATRICK ALLEN, Personally,<br><br>    Defendants. | Case No.  6:22-cv-01982-MC<br><br>RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND |

    Plaintiffs filed this lawsuit to raise various claims related to the Oregon State Hospital's policy regarding patients sending and receiving packages.  Now, Plaintiffs are seeking the Court's leave to amend the complaint to reassert state law claims that have already been dismissed and to add claims related to Plaintiff Burnard's email privileges.  (Dkt. #45).

    Defendants make an initial objection to the fact that Plaintiffs' filing does not comply with LR 15-1(b), as the proposed Second Amended Complaint does not show how the amended

Page 1 -    RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
           SD8/a4s/962912648

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

pleading differs from the operative pleading. Defendants have reviewed the proposed Second Amended Complaint to try and ascertain all the differences and are responding to the changes they could identify.

Plaintiffs' motion falls into two categories: (1) a motion for leave to amend to reinstate the two state-law claims this Court previously dismissed (Dkt #37); and (2) a motion for leave to supplement the complaint, to the extent that Plaintiffs' proposed complaint includes claims arising after the date of the previous complaints. Defendants object to both Plaintiffs' motion to amend because it is futile and the motion to supplement because it would be improper and futile to add the new distinct claims to this case at this stage of the proceedings.

## APPLICABLE LEGAL STANDARDS

### I.  Motions to amend.

Federal Rule of Civil Procedure 15(a) permits parties to amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).

Although the standard that courts apply to litigants seeking leave to amend their pleadings is a liberal one that allows amendments "when justice so requires," Fed. R. of Civ. P. 15(a), "[l]eave to amend should not be granted where the record demonstrates 'bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" *Puente v. County of Los Angeles*, 358 Fed. Appx. 909, 911 (9th Cir. 2009) (Quoting *Ditto v. McCurdy*, 510 F.3d 1070 (9th Cir. 2007)). In *Griggs v. Pace American Group, Inc.*, the Ninth Circuit held that a district court must determine the propriety of a motion to amend by ascertaining the presence of any of those four factors. 170 F.3d 877, 880 (9th Cir. 1999).

### II.  Motions to supplement.

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Page 2 -    RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
         SD8/a4s/962912648

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims that arise after the initial pleadings are filed. *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982) (citations omitted). "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted); *see also, e.g.*, *Oregon Natural Desert Ass'n v. McDaniel*, 282 F.R.D. 533, 537 (D. Or. 2012) (noting same); *Federal Practice and Procedure*: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action") (cited in *Planned Parenthood*, 130 F.3d at 402).

Additionally, "[s]ome district courts in this Circuit also import the Rule 15(a) standard when analyzing a motion to supplement a complaint under Rule 15(d), examining whether the proposed supplemental claim has merit, whether it could have been added earlier, whether it unduly burdens the defendant, and whether it would likely extend or complicate the litigation." *Oregon Natural Desert Ass'n*, 282 F.R.D. at 537 (citing cases). No Ninth Circuit case, however, explicitly applies those four factors (undue delay, bad faith, futility, and prejudice). *Id.*

## LEGAL ARGUMENT

### I. Plaintiffs' motion to amend is futile

Plaintiffs' proposed Second Amended Complaint seeks to reinstate the previously dismissed state law claims. While leave to amend should be "freely granted," Fed. R. Civ. P. 15, the deficiencies that this Court identified as to Plaintiffs' state law claims remain. Plaintiffs are still statutorily barred from bringing their UTPA claim, *see Horton v. Nelson*, 252 Or App 611, 288 P.3d 967 (2012), and the Second Amended Complaint still fails to support a claim for IIER for the same reasons this Court identified in its original opinion dismissing the claim. (Dkt. #37).

Page 3 -   RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
            SD8/a4s/962912648
                            Department of Justice
                            100 SW Market Street
                            Portland, OR 97201
                        (971) 673-1880 / Fax: (971) 673-5000

## II.  Plaintiffs' motion to supplement is improper and futile

To the extent that Plaintiffs are seeking the Court's leave to supplement the complaint, Defendants object that adding new distinct claims to this case at this stage of the proceedings would be improper and futile.

### A.  Plaintiffs' proposed Amended Complaint would improperly add new distinct claims.

Plaintiffs' proposed Second Amended Complaint includes allegations that OSH accused Plaintiff Burnard of violating a policy "leading to termination to date of any internet or email access."  Leave to permit supplemental pleadings is generally favored, but the Ninth Circuit has held that supplemental pleadings cannot be used to introduce separate, distinct, and new causes of action.  *Planned Parenthood*, 130 F.3d at 402.  Although supplemental pleadings "need not all arise out of the same transaction," at least "some relationship must exist between the newly alleged matters and the subject of the original action."  *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).  In *Brown v. Deputy #1*, the District Court of the Southern District of California denied a *pro se* prisoner's motion to supplement his complaint, because the prisoner's supplemental claims for denial of law library access were not related to his earlier excessive force claims, and—therefore—were more appropriately the subject of a separate lawsuit.  Case No. 12-cv-1938-GPC-BGS, 2013 WL 5536371, *7 (S.D. Cal. Oct. 8, 2013) (citing *Planned Parenthood*, 130 F.3d at 402).

Here, as in *Brown*, Plaintiffs' proposed supplemental complaint runs afoul of *Planned Parenthood* because it alleges separate, distinct and new causes of action that have no relationship to the claims alleged in Plaintiffs' original complaint.  There is no relationship between the Plaintiffs' original claims against Defendants regarding the OSH package policy and Plaintiff Burnard's new claim regarding the suspension of his email privileges in November 2023.  The only similarity is the allegation that the package policy and the email suspension violate the same constitutional amendments.  This supplemental allegation "is not a discrete and

Page 4 -    RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
            SD8/a4s/962912648
                         Department of Justice
                         100 SW Market Street
                         Portland, OR 97201
                   (971) 673-1880 / Fax: (971) 673-5000

logical extension of the original claim against the already named defendants." *Singh v. Washburn*, Case No. 2:14–cv–01477–SB, 2016 WL 1039705, *10 (internal quotation marks omitted).

Furthermore, allowing the new allegations would likely complicate the current litigation; therefore, the motion to supplement runs counter to the interests of judicial economy. *See Smith v. City of Dalles*, Case No. 6:16-cv-01771-SI, 2019 WL 12345690, *3 (D. Or 2019) (promoting judicial efficiency is a proper consideration when evaluating a motion to supplement). This case has been pending since December 25, 2022. The supplemental allegations involve an individualized decision regarding the email privileges of Plaintiff Burnard, made by different people than the named defendants. To add the email allegations would widen the scope of the litigation and will require different witnesses and evidence to establish a *prima facie* case.

**B.   Plaintiffs' proposed amendment is futile because it fails to state a claim against the named defendants**

As currently pleaded, the email allegations in the proposed Second Amended Complaint also fail to state a claim. "[T]he facts alleged in [a] proposed amendment must still plausibly support the claim against the individual Defendants for the proposed amendment not to be futile." *Smith*, 2019 WL 12345690 at *4. There is no allegation that Dolores Matteucci, Patrick Allen, or Adam Giblin had anything to do with the suspension of Plaintiff Burnard's email privileges. The people alleged to have made the decision are not named defendants in this case. *See* Exhibit A ("The decision was made by Psychiatrist Peykanu; program director Anthony Cornell; Micky Logan, legal director; and other unnamed administrators and managers). To the extent that Plaintiffs seek to add this claim against the Oregon State Hospital itself, such a claim is barred by the Eleventh Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Accordingly, the Court should deny Plaintiffs' motion to supplement.

Page 5 -   RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
SD8/a4s/962912648

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to amend the complaint.

DATED May 20, 2024.

                Respectfully submitted,

                ELLEN F. ROSENBLUM
                Attorney General

                *s/ Sara Del Rubin*
                SARA DEL RUBIN #232414
                Assistant Attorney General
                Trial Attorney
                Tel (971) 673-1880
                Fax (971) 673-5000
                sara.delrubin@doj.state.or.us
                Of Attorneys for Defendants

Page 6 -    RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
        SD8/a4s/962912648

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000