IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYLER BURNARD, MICHAEL
BRITZIUS, and DOUGLAS STYLES,

    Plaintiffs,

    v.

ADAM GIBLIN, DELORES
MATTEUCCI, and PATRICK
ALLEN, in their personal capacities,

    Defendants.

Case No. 6:22-cv-01982-MC
ORDER AND OPINION

**MCSHANE, Judge:**

### INTRODUCTION

Three patients housed at the Oregon State Hospital ("OSH") bring this § 1983 action against state officials following a revision of the hospital's rules related to the receipt of packages and retention of patient property. Plaintiffs filed this Motion for Temporary Restraining Order ("TRO Mot.") and ask the Court to (1) enjoin OSH from "enforcing their mail policies[;]" and (2) require OSH to "afford to Plaintiff, patients, and other vendors due process notice and an opportunity to challenge Defendants' draconian decisions[.]"[1] TRO Mot., ECF No. 49; Mem. in Supp. ("TRO Memo") 2, ECF No. 50. Because Plaintiffs have not established that they are likely to suffer irreparable harm in the absence of preliminary relief, their Motion is DENIED.

---

[1] The Court will construe Plaintiffs' Motion as a motion for preliminary injunction, as previously stated in its July 2, 2024 Scheduling Order. ECF No. 55.

1 – OPINION AND ORDER

## BACKGROUND[2]

Plaintiffs Tyler Burnard, Michael Britzius, and Douglas Styles are three residential patients at Oregon State Hospital ("OSH")—a public psychiatric hospital in Salem, Oregon. Am. Compl. ¶ 4, ECF No. 18. Plaintiffs initiated this lawsuit against three "officers of the State of Oregon" involved in the implementation of OSH's security policies concerning the handling of patient mail and personal property. With the litigation ongoing for well over a year, Plaintiffs now seek relief from the Court by way of an order restoring OSH's pre-lawsuit mail policies.

## STANDARDS

The standard for a preliminary injunction is a high one: "it may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and that (4) an injunction is in the public interest. *Id.* at 20. The emphasis here is on the likelihood of success on the merits, which "holds especially true for cases where a plaintiff seeks a preliminary injunction because of an alleged constitutional violation." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). The mere possibility of irreparable harm is not enough; the plaintiff must establish such harm is likely. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## DISCUSSION

The Court's evaluation of Plaintiffs' Motion can start and end with the second factor: Plaintiffs have not established that they are likely to suffer irreparable harm in the absence of preliminary injunctive relief.

---

[2] The Court previously stated the relevant background underlying this action. *See Op. & Order* 2–3, ECF No. 37. Because the parties are already familiar with those facts, the Court will omit them from this background section.

While there is no explicit deadline for a party to request a preliminary injunction, a party must generally show "reasonable diligence." *Benisek v. Lamone*, 585 U.S. 155, 159 (2018). A court is not required to issue a preliminary injunction against a continued, unchallenged practice "[w]here no new harm is imminent, and where no compelling reason is apparent[.]" *Oakland Trib., Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). "A long delay before seeking injunctive relief 'implies a lack of urgency and irreparable harm.'" *C.R. v. PLB Mgmt., LLC*, Case No. 2:21-cv-03275-ODW (JEMx), 2023 WL 1420371, at *3 (C.D. Cal. Jan. 31, 2023) (*quoting Oakland Trib., Inc.*, 762 F.2d at 1377).

By the time Plaintiffs filed their TRO Motion, the parties had been litigating this action for more than eighteen months. While Ninth Circuit courts are generally "loath to withhold relief" solely because of a parties' delayed filing, Plaintiffs severely "cast[ed] doubt on their allegations of irreparable harm[.]" *See Oregon Nat. Desert Ass'n v. Bushue*, 594 F. Supp. 3d 1259, 1266 (D. Or. 2022) (denying TRO motion due to substantial filing delay and no demonstrated likelihood of irreparable harm). It is unclear what circumstances, if any, have changed since Plaintiffs filed their Amended Complaint. At minimum, Plaintiffs could have demonstrated some "reasonable diligence" by filing for injunctive relief at the onset of this litigation.

But even if Plaintiffs had filed their motion without delay, they have failed to demonstrate a substantial likelihood of irreparable harm. As Defendants point out, Plaintiffs appear to be able to order items through the OSH Market. See Style Decl. at ¶ 5, ECF No. 53 ("On or about January 22-23, 2024, I received an order from a limited approved OSH catalog of shorts from Land's End"); Bowman Decl. at ¶ 2, ECF No. 54 ("In July 2023, I received an order from a limited approved OSH catalog from Nike of $170 shoe with custom $35 laces."). Plaintiffs' own declarations describing receipt of packages appear to contradict their claims that "Defendants

continue to inflict irreparable harm on Patients [*sic*] by enforcing the No Package policy." TRO Memo 3. "Harm must be proved, not presumed[,]" and the Court cannot grant preliminary injunctive relief without Plaintiffs first establishing a substantial likelihood of irreparable harm. *Flexible Lifeline Sys., Inc. v. Precision Life, Inc.*, 654 F.3d 989, 1000 (9th Cir. 2011).

## CONCLUSION

Because Plaintiffs have failed to demonstrate a substantial likelihood of irreparable harm in the absence of injunctive relief, Plaintiffs' Motion (ECF No. 49) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of July, 2024.

                                                             _____s/Michael J. McShane_____
                                                                  Michael J. McShane
                                                            United States District Judge