Leonard R. Berman

8330 SW Scholls Ferry Rd. Box 242

Beaverton, OR 97008
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com
ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| TYLER BURNARD, ET AL, | : : ; | Case No.: 6-25-364MC |
| | | PLAINTIFFS MOTON FOR PARTIAL SUMMARY MOTION  RESPONSE TO |
| Plaintiffs, | : | |
| V. | : | |
| OREGON STATE HOSPITAL, | : | |
| DELORES MATTEUCCI, | : | |
| Personally,   ET AL, | : | |
| Defendants. | : | |

Plaintiffs hereby file this Motion for Partial Summary Judgment . The parties have conferred and cannot resolve this matter.

1  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

**I INTRODUCTION**

Since July 6, 2002, the State of Oregon legislated to prevent any packages to enter the Oregon State Hospital ("OSH" ) without any pre or post Procedural Due Process hearing on the matter and no rational basis or compelling state interest to deny OSH citizens form engaging in heretofore permitted interstate commerce and Freedom of Religion, Association and Freedom of Expression.

**2. Standard of Review**

 **A. LEGAL STANDARD**

Plaintiffs are entitled to partial summary judgment in their favor as to all claims asserted against defendants in the Complaint. Summary judgment is only appropriate where the pleadings, discovery and affidavits reveal "no genuine issue of material fact" and entitled the moving party to judgment as a matter of law. F.R.C.P. 56(c). Here there are no genuine issues of material fact as to liability for an unconstitutional policy  The moving party must show an absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Id at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999). "[P]urely conclusory allegations of

alleged discrimination, with no concrete relevant particulars, will not bar summary judgment." Forsberg v. Pacific Porthwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir. 1988).

The Standards of Scrutiny are delineated below:

Levels of Scrutiny Under the Three-Tiered Approach to Equal Protection Analysis

1. STRICT SCRUTINY (The government must show that the challenged classification serves a compelling state interest and that the classification is necessary to serve that interest.):

A. Suspect Classifications:

1. Race

2. National Origin

3. Religion (either under EP or Establishment Clause analysis)

4. Alienage (unless the classification falls within a recognized "political community" exception, in which case only rational basis scrutiny will be applied).

B. Classifications Burdening Fundamental Rights

1. Denial or Dilution of the Vote

3  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

2. Interstate Migration

3. Access to the Courts

4. Other Rights Recognized as Fundamental

LOVING v. VIRGINIA

SUPREME COURT OF THE UNITED STATES

388 U.S. 1

June 12, 1967, Decided

2. MIDDLE-TIER SCRUTINY (The government must show that the challenged classification serves an important state interest and that the classification is at least substantially related to serving that interest.):

Quasi-Suspect Classifications:

1. Gender

2. Illegitimacy

3. MINIMUM (OR RATIONAL BASIS) SCRUTINY (The govenment need only show that the challenged classification is rationally related to serving a legitimate state interest.)

RAILWAY EXPRESS AGENCY, INC. ET AL. v. NEW YORK

SUPREME COURT OF THE UNITED STATES 336 U.S. 106 January 31, 1949, Decided

4  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

Minimum scrutiny applies to all classifications other than those listed above, although some Supreme Court cases suggest a slightly closer scrutiny ("a second-order rational basis test") involving some weighing of the state's interest may be applied in cases,

**3. Facts**

1.  Plaintiff Douglas Styles identifies as Native American, from the tribes of Klamath Modoc and Yahooskin Band of Snake Indians Treaty of 1864, Roll # 1639 B. Declaration of Douglas Styles.

2. Before  July 6, 2022, for more than a decade, Styles was able to order most anything online, including from Amazon, Prairie Edge, NTVS (the Native Store). Styles identifies as Native American and has Native blood. Id

3. The package and ordering ban infringes on his  right to engage in interstate commerce and his First Amendment rights of Freedom of Religious Practice and Religious Expression. Id

4. In trying to comply with the new "rules," Styles  called both shops to inquire as to the possibility of them creating an order form, and both stated that they had no interest. He also called other Native Stores, and they stated that they had no desire either.  Id

5  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

5. He has had to wear the same shirts for more than 6 years due to the insensitive positions of the OR State Hospital,and due to a lack of availability from mainstream shops. Id

6. Previously, Styles had smaller bundles of Eagle Feathers, excess beads, and leather that I used to replace the lanyard when it broke, beeswax (for the thread before use), etc. He also had purchased some animal claws (from Prairie Edge), porcupine, badger, and wolf, etc. Id

7. Prior to the policy change in July 2022, any shipped, delivered or personally receivedcontraband such as glass jars or cans, were put in a secure locker for retrieval upon eventual release. Id

8. As he works in the vocational rehab room, Styles routinely sees boxes delivered from Amazon, Costco and Walmart for bingo and staff office supplies, etc. These boxes are routinely open in proximity to patients, exposing them to "dangerous" commerce. Id.

9. According to Style, et al iIf these vendors are safe for shipping goods to the hospital, then they should be safe for patients to continue patronizing. Id.

10. In his decade plus of residency, he is unaware of any vendor ever sending contraband intentionally or otherwise to patients. Id.

11. There is no rational basis for denying patients their commercial and First Amendment rights except retaliation and punishment. Id

6  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

12. Rehabilitation, recovery and quality of life are all diminished dramatically as a result of this senseless policy for Styles, et al. Id.

13. Mr. Styles has never been given any Procedural Due process hearings before or after the July 6, 2022 policy activation. Id.

14. Further, the policies eliminated Styles' Substantive Due Process rights to life, liberty and the pursuit of happiness and commerce and religious items and garments of Native Origin. Id.

15. Tyler Burnard and Michael Britzius both have endured similar deprivations to their freedom of association. expression  and entitlement to participate in interstate and in-state commerce . Declarations of Burnard, Britzius

**4. Analysis**

**1. If the Rule-Making does not  meet the Rational Basis test, it cannot meet the Compelling state interest Test!**

The least restrictive means test provides extensive protection for freedom of expression.

Least restrictive means test applies when weighing government and First Amendment rights. This test is part of the "strict scrutiny" applied by the courts to a law that restricts First Amendment or other constitutionally guaranteed rights, when government interest must be weighed against constitutional rights. To pass the test, a law must use the least speech-restrictive means possible to achieve a compelling state interest.

For example, in United States v. Playboy Entertainment Group (2000) the Court struck down a federal law requiring cable operators to fully scramble sexually explicit programming or relegate it to late-night hours. The Court ruled that this content-based law failed to meet strict scrutiny requirements because there was a less restrictive means of ensuring that minors did not access sexually explicit programming. The less restrictive alternative was another provision of the federal telecommunications law that cable operators must block individual channels if a parent-subscriber makes such a request.

Here, there are many less-restrictive means of ensuring patient package safety, relative to the most restrictive means instituted by OSH and its officials with a categorical ban on vendor commerce.

In 1963, Justice William J. Brennan Jr. outlined a threefold inquiry in presenting the majority opinion in Sherbert v.

Verner, 374 U.S. 398 (1963) where the Court established a high level of protection for religious freedom:

1. Does the government law impose a burden on religious freedom?

2. If a burden exists, is the law justified by a compelling state interest?

3. And finally, even if a compelling state interest exists, could the interest be achieved in an alternative way without violating religious freedom?

8  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

Here, all these rights are burdened needlessly and for no rational reason  never mind any compelling state interest.

**2. Individual Liability**

**A. Delores Matteucci Matteuccie approved and signed off on the violative policies and should he held personally liable for signing off on the revision of Policy**

   As OSH Superintendent, Delores Matteucci is personally liable for signing off and enacting an unconstitutional l policy revision regarding packages. See p.14-16 of Ex. OSH Policy

**B. Adam Giblin as director security enforced the policy approved by Matteucci and should be personally liable**

   As OSH Director of Security, Adam Giblin is personally liable for signing off and enacting an unconstitutional policy revision regarding packages. See p.14-16 of Ex. OSH Policy

**2. A Complete Absence of Evidence of Third-Party Vendor Incidents of Attempted Contraband Delivery Exists and Categorical Denial of Procedural or Substantive Due Process rights, Dishonorig Patients' Rights**

   Were the state to have a valid rational, if not legitimate or compelling state interest to limit third-party vendor packages entry to the OSH, one would expect copious examples

9  PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

of flagged or intercepted "Contraband" items sent from reputed retailers like Costco, Walmart, Amazon , Best Buy, etc.   However a brief review of the  (Ex. 2 Incident Reports) 45-pages of incident reports, reveals no such safety violations.  The safety emergency posed by third-party vendors is wholly state and state hospital created and conjured up fallacies and hoaxes. The State should not be allowed unfettered rights to abusive and anti-democratic policy creations and enactments .  Further, the state cannot and will not show any pre-or post enactment Procedural Due Process opportunities for comment nor objection, not any legitimate justification for Substance Due Process First amendment or commercial infringement enacted by these draconian policies. For these reasons, these policies must be struck down and the original freedoms of speech, expression and commerce be reinstated immediately.

**5. Conclusion**

For the foregoing reasons, Plaintiffs pray the Court grants their Motion for trial Summary Judgment.

DATED this 5th day of August, 2025.

       Respectfully Submitted,

       S//S Leonard Berman

       _____

       LEONARD R. BERMAN, OSB# 96040

       Attorney for Plaintiffs